## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## ROCK ISLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal Case No. 01-20004 |
| JOHN JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER AND OPINION

Pending before the Court is Defendant John Johnson's Motion to Reduce Sentence (ECF No. 107) and Amended Motion to Reduce Sentence. ECF No. 110. As explained below, these Motions are DENIED.

### BACKGROUND

Defendant is currently serving a sentence of 180 months imprisonment for distributing powder cocaine and a 24-month concurrent sentence for violating his supervised related to a prior offense which were both imposed at the same hearing in November of 2020.

The offense conduct underlying his prior offense for which he is now serving a revocation sentence is that was that he was arrested in 2000 for distributing over 5 grams of cocaine base. His presentence investigation report indicates that he provided 26.6 grams of crack cocaine to a confidential informant. *United States v. Johnson*, 17-20024, ECF No. 106 ("2017 Criminal Case"), at 12 Around the same time, he pled guilty to one count of unlawful drug conspiracy in Macon County Circuit Court. The state information charged that between October 1, 1997 and August 26, 1999, Defendant agreed to deliver 900 grams or more of cocaine. *Id*. The federal court sentenced Defendant to 70 months' imprisonment with 35 months consecutive to the state offense where Defendant was ultimately sentenced to 20 years' imprisonment. *Id*. The Court also imposed a 5-

year term of supervised release. The federal sentence was later reduced to 60 months imprisonment as a result of the amendment to the U.S. Sentencing Guidelines. ECF No. 44

BOP released Defendant to supervised release on November 30, 2011. Defendant had numerous violations while on supervised release. First, on July 24, 2012, he resisted a peace officer and was driving on a revoked license and sentenced to 180 days in state court. 2017 Criminal Case, ECF No. 106 at 13. He again drove on a revoked license and failed to notify his probation officer when he was arrested for domestic battery for preventing the female victim from calling the police by holding her down. *Id.* As a result of these violations, Defendant's supervised release was modified in December of 2013 to include 60 days home confinement. *Id.*; ECF No. 46.

Defendant continued to engage in illegal behavior. In July of 2014 he sold a confidential informant 54.3 grams of powder cocaine and later sold another confidential source 109.5 grams of cocaine. 2017 Criminal Case, ECF No. 106 at 12. After the Court approved allowing Defendant to cooperate with state police while on supervised release to possibly obtain leniency, he continued to engage in drug trafficking. In August of 2016 he purchased between 8 and 10 kilograms of powder cocaine for $40,000 from a Chicago supplier in 2016. *Id.* at 6. Then, in late 2016 and early 2017, agents learned that Defendant was still obtaining large amount of cocaine from a Chicago supplier. *Id.* A federal warrant was issued for Defendant's arrest for violating the terms of supervised release and he was taken into custody on February 7, 2017. Law enforcement later discovered large sums of money that Defendant possessed that had gone into accounts and properties associated with him. *Id.*

A federal grand jury then indicted Defendant for two counts of distributing powder cocaine in 2017. The First Step Act, which made provision of the Fair Sentencing Act retroactive became effective on December 21, 2018 while Defendant's case was pending. Defendant entered a

conditional guilty plea on June 8, 2020 while reserving the right to appeal the claim he had been granted federal immunity from prosecution. 2017 Criminal Case, ECF No. 134. He was sentenced on November 17, 2020. 2017 Criminal Case, *Minute entry* dated 11/17/2020.

Defendant appealed his conviction to the Seventh Circuit arguing that law enforcement did not represent his cooperation to merely be an opportunity to obtain leniency but promised him immunity from all prosecutions including federal immunity. 2017 Criminal Case, ECF No. 141 at 3. The Seventh Circuit observed that the agreement he actually signed was clear that there was no promise of any immunity. *Id*. at 5. The Seventh Circuit further reiterated the rule that only federal prosecutors can grant a defendant informal immunity from federal prosecution and that Defendant did not speak to any from the United States Attorney's Office about his cooperation. *Id*. at 10–11. The Seventh Circuit also addressed Defendant's other motion to dismiss his indictment and affirmed the district court's decision to deny both motions to dismiss his indictment. *Id*. Defendant did not make any argument regarding the First Step Act in this appeal. Shortly after his unsuccessful appeal, Defendant filed a Motion for Reduction under the First Step Act in this case.

## LEGAL STANDARD

The Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372 (Aug. 3, 2010), amended 21 U.S.C. § 841(b)(1)(A) and (b)(1)(B) to increase the amount of crack cocaine required to enhance the statutory minimum and maximum sentences for a violation of 21 U.S.C. § 841(a)(1). Before the Act, an offense involving 50 grams or more of crack cocaine triggered a 10-year mandatory minimum and a statutory maximum penalty of life imprisonment. An offense involving 5 grams of crack cocaine triggered a 5-year mandatory minimum sentence and a statutory maximum of 40 years of imprisonment. *Dorsey v. United States*, 567 U.S. 260, 266 (2012); 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii) (2006).

3

Section 2 of the Fair Sentencing Act amended § 841(b)(1)(A)(iii) by striking 50 grams and inserting 280 grams and amended § 841(b)(1)(B)(iii) by striking 5 grams and inserting 28 grams. Public Law 111-220; 124 Stat. 2372, § 2. It now takes 280 grams of crack to trigger a 10-year mandatory minimum under § 841(b)(1)(A)(iii) and 28 grams of crack to trigger a 5-year mandatory minimum under § 841(b)(1)(B)(iii). *Dorsey*, 567 U.S. at 269. The Supreme Court determined the Fair Sentencing Act applied to any defendant who had not been sentenced as of the Act's effective date of August 3, 2010. *Id*. at 281. The Act did not apply retroactively to defendants sentenced prior to August 3, 2010. *Id*. In December 2018, the President signed the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 (Dec. 21, 2018). Section 404 of that Act makes retroactive the changes that the Fair Sentencing Act made to the crack provisions of § 841(b)(1)(A) and (B) by permitting courts to reduce prisoners' sentences accordingly. Section 404(b) of the First Step Act permits the Court to reduce a sentence that was imposed for a "covered offense." *Id*. Section 404(a) defines a "covered offense" as a violation of the crack cocaine laws that was committed before August 3, 2010. *Id.*

"A judge considering a motion for a reduced sentence under the First Step Act is faced with two questions. First, *may* the court reduce the sentence? And second, *should* the court reduce the sentence?" *United States v. Shaw*, 957 F.3d 734, 736 (7th Cir. 2020)(emphasis in original). The analysis is a two-part process, with the Court in step one determining whether the is eligible for a sentence reduction. Only if the Court determines that the defendant is eligible does it then address whether it should reduce the defendant's sentence, and if so, by how much. *United States v. Fowowe*, 1 F.4th 522, 527 (7th Cir. 2021) (citing *United States v. Hudson*, 967 F.3d 605, 609 (7th Cir. 2020)). "That [a defendant] is eligible for resentencing does not mean he is entitled to it."

4

*United States v. Jackson*, 945 F.3d 315, 321 (5th Cir. 2019) (citations omitted); *United States v. Corner*, 967 F.3d 662, 665 (7th Cir. 2020) ("404(c) makes clear that the court is never required to reduce a sentence under section 404(b).").

## DISCUSSION

### a. Defendant was sentenced after the First Step Act was enacted and is not otherwise entitled to relief.

Defendant argues that since he was sentenced for the underlying crack distribution case before the Fair Sentencing Act, he is eligible to be resentenced in his 2001 case for which he is serving a 24-month revocation sentence. However, Defendant does not argue that the Court should lower his revocation sentence. Instead, Defendant argues this gives the Court the ability to resentence him on the non-covered offense from 2017 since the sentence imposed was part of a single, integrated sentencing package. He argues the Court should lower his sentence from 180 months to 137 months.

Defendant points to the case *United States v. Corner*, to support his assertion that he is eligible to be resentenced on his revocation. *U.S. v. Corner*, 967 F.3d 662, 663 (7th Cir. 2020). In *Corner*, the defendant was serving a term of supervised release for his underlying conviction of possession with intent to distribute 11 grams of a cocaine base that was crack. *Id*. He violated the terms of his supervised release by using and possessing illegal drugs, failing to comply with drug testing, and lying to his probation officer. The court determined that revocation was mandatory because the defendant had tested positive for drugs more than three times in one year. *Id*. The court noted that the defendant's maximum for reimprisonment was three years and that another term of 60 months supervised release minus the revocation sentence could be imposed. *Id*. The court sentenced defendant to 18 months imprisonment and 42 months of supervised release. *Id*. After he was sentenced, Congress passed the First Step Act. The Seventh Circuit noted that defendant

correctly observed that there would have been three material differences had the Fair Sentencing Act applied to his original sentence (1) the statutory range would have been 0 to 20 years imprisonment rather than 5 to 40 years; (2) his original crime would have carried a *maximum* revocation sentence of *two years rather than three years*; (3) his underlying offense would have carried a minimum of three years supervised release but the 42 months of supervised release that the court ordered to follow his revocation sentence was imposed with the understanding that the underlying drug offense required a minimum of four years. *Id*. at 664. There, "the sentence was based on parameters that no longer apply." *Id*. at 66.

Here, Defendant is serving a 180-month sentence for distributing powder cocaine as a career offender for offense conduct that happened long after the effective date of the Fair Sentencing Act of 2010. He is also serving a 24-month sentence for violating his federal supervised release, and the violation of supervised release similarly occurred long after the effective date of the Fair Sentencing Act and which he was sentenced for after the First Step Act was enacted in 2018. Accordingly, unlike the plaintiff in *Corner*, he had the full opportunity to present any of these arguments regarding the implications of the First Step Act at sentencing. The First Step Act would not have made a difference in the applicable statutory penalties between when Defendant was sentenced in 2020 and today since it was effective in 2018. Indeed, Defendant does not even argue that his revocation sentence was based on parameters that no longer apply. Instead, he muses that he may not have had a federal drug charge at all in 2000 if there had not been a sentencing disparity for crack offenses.

Defendant claims that "the unwarranted disparity between crack cocaine and powder cocaine . . . is what landed Mr. Johnson in Federal court in the first place." ECF No. 110 at 11. Defendant continues that if there was not a disparity in the crack cocaine sentencing then

6

Defendant "probably would not have been charged in federal court" and that "[w]ithout the charge in this case . . . Mr. Johnson is not a career offender in the 2017 case." The Court in *Corner* focused on the statutory maximums that would have been in place at the time the court sentenced the defendant for the revocation. Here, Counsel spends some time speculating about whether federal government would have charged him if not for the sentencing disparity. Counsel further suggests that Defendant thus would not have been on supervised release when he committed the instant offense. Defendant's initial charge involved a single controlled buy that occurred after he had already been arrested for distribution of cocaine base (crack) in the state system. ECF No. 106 at 12. The Court cannot speculate on how the investigation and charging would have gone all those years ago, but the fact remains that Defendant sold $1,000 worth of cocaine in a single transaction and has a charge for that violation. 2017 Criminal Case, ECF No. 106 at 12.

Defendant's argument that he should have been dealing kilograms of cocaine free of court supervision if only he had not had such a sentencing disparity is different from the argument in *Corner* that the statutory maximums for his revocation of supervised release would have been lower. Here, Defendant repeatedly violated supervised release and dealt tens of thousands of dollars of drugs. The First Step Act does not require that the Court turn a blind eye to violations of supervised release based on speculation that Defendant would not have been on supervised release at all if there was not a disparity in the crack cocaine sentencing guidelines. Courts consider what the new sentencing guidelines would be, the First Step Act does not demand that it ignore convictions that are otherwise valid.

Moreover, Defendant is currently serving sentences that were imposed in 2020, well after First Step Act of 2018. He had the opportunity to bring any argument about the appropriate sentence in light of that Act at his sentencing in 2020. Instead, the Court finds that Section 404 of

7

the First Step Act is intended to make provisions of the Fair Sentencing Act retroactive, not to allow the Court resentence defendants who were sentenced long after the enactment of both statutes. Accordingly, the Court finds that based on the arguments and evidence before it, it cannot find Defendant is eligible for a reduction under the First Step Act.

## CONCLUSION

As stated above, John Johnson's Motion to Reduce Sentence [107] and Amended Motion to Reduce Sentence [110] are DENIED.

ENTERED this 14th day of June, 2023.

s/ Michael M. Mihm
Michael M. Mihm
United States District Court Judge